| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
|---|---|
| COUNTY OF BAMBERG | SECOND JUDICIAL CIRCUIT |
| | DOCKET NO.: 2022-CP-05- |
| Deondra Singleton, individually, and as Parent and Natural Guardian of John Doe, a minor under the age of 14 years, | |
| PLAINTIFF(S), | |
| v. | **COMPLAINT** |
| Variety Wholesalers, Inc., and Variety Stores, Inc., and Richard Roe, unknown manager, | **(jury trial demanded)** |
| DEFENDANT(S). | |

The plaintiff(s) would respectfully allege and show unto the Court:

1. That the plaintiff(s) is a citizen and resident of the County of Bamberg, State of South Carolina.

2. That Defendant Variety Stores, Inc., is, and at all times hereinafter mentioned, was a corporation duly organized and existing under the laws of the State of Delaware and is authorized to do business in South Carolina. Plaintiff is informed and believes that Defendant Variety Stores, Inc. is a subsidiary of Defendant Variety Wholesalers, Inc., and maintains stores in the County of Bamberg, State of South Carolina.

3. That Defendant Variety Wholesalers, Inc., is and at all times hereinafter mentioned was a corporation organized and existing under the laws of the State of North Carolina, authorized to do business in South Carolina, with its principal place of business in

4. Henderson, North Carolina, and which maintains stores in the County of Bamberg, State of South Carolina.

5. Defendants operate and manage the Roses store in Denmark, South Carolina at 18201 Heritage Highway.

6. Upon information and belief, Defendant Richard Roe, Store Manager for Roses, unknown and unidentified managers, are citizens and residents of the County of Bamberg, State of South Carolina.

7. On or about 7/23/2021, Plaintiff(s) were inside shopping for clothes when the minor plaintiff slipped on a substance on the retail floor.

8. Upon information and belief, Defendant Manager(s) had sufficient control over the operation and management of the premises including the oversight of the floor conditions, as well as the practices and procedures in place at the store, or the lack thereof, to avoid the creation of such hazardous conditions.

9. Defendant Manager(s) knew or should have known of the dangerous condition present on the retail floor which led to Plaintiff's injuries. Yet, Defendant Manager(s) failed to take appropriate action to remove said danger.

10. Defendant(s) Variety Wholesalers, Inc., and/or Variety Stores, Inc., are vicariously liable for the conduct of its employee, Defendant Manager(s), and thus likewise liable for the condition of the retail floor which led to John Doe's injuries.

11. As a result of this above incident, Plaintiff(s) suffered serious injuries which required and will in the future cause John Doe to endure great physical pain, suffering, mental anguish, emotional distress, and impairment of health and bodily efficiency. These injuries have also caused him to be under the continued care of a doctor, for which Plaintiff Deondra Singleton has incurred medical expenses. Plaintiffs are informed and believe they will also incur future medical expenses, related to John Doe's injuries. Plaintiff(s) have suffered serious injuries, will experience future pain and suffering, and incur future medical bills.

12. Defendants either knew or should have known of the slippery condition of the retail floor and failed to remedy the same, so as to create a needless risk and hazardous condition for business invitees, including Plaintiff(s).

13. Defendants, acting by and through the acts and/or omissions of their agents, servants, and/or employees who were acting within the course and scope of said agency, service, and/or employment, were negligent, careless, reckless, grossly negligent, willful, and wanton at the time and place above-mentioned in the following particulars:

    (a) In causing and permitting a slippery substance to exist, so as to create a dangerous condition which Defendants knew or should have known created an unreasonable risk of injury to customers;

    (b) In failing to take reasonable precautions to maintain and/or monitor the retail floor for danger conditions, such as the slippery substance on which John Doe slipped, and their placement and in allowing business invitees to be exposed to hazardous conditions by failing to do so;

    (c) In failing to take reasonable measures to maintain and monitor the condition of customer shopping and walking areas, which led to the unreasonable exposure of customers, including Plaintiff, to hazardous conditions;

    (d) In failing to properly hire, fire, train, and instruct personnel on reasonable methods of inspecting, maintaining, and monitoring flatbed carts outside of their designated areas so as to prevent customers from unreasonable risk of injury;

    (e) In failing to adequately hire, fire, train, supervise and oversee personnel to insure they were carrying out their responsibilities in a reasonable fashion;

    (f) In failing to maintain flatbed carts in a safe condition and location so as to prevent the risk of injury to its business invitees;

ELECTRONICALLY FILED - 2022 Jun 30 2:17 PM - BAMBERG - COMMON PLEAS - CASE#2022CP0500169

ELECTRONICALLY FILED - 2022 Jun 30 2:17 PM - BAMBERG - COMMON PLEAS - CASE#2022CP0500169

(g) In failing to make reasonable inspections of the premises to prevent the risk of injury to its business invitees;

(h) In failing to remedy a known, unreasonable risk of injury;

(i) In failing to warn their business invitees of the unreasonable risk of injury;

(j) In failing to use the degree of care and caution that a reasonably prudent business establishment would have used under the same or similar circumstances; and

(k) In such other and further particulars as the evidence in trial may show.

14. Such actions and/or inactions by Defendants combined and concurred as a direct and proximate cause of the injuries and damages suffered by Plaintiff(s) herein, said acts being in violation of the statutes and common laws of the State of South Carolina.

15. WHEREFORE, Plaintiff prays for judgment against Defendants for actual and punitive damages as may be determined by the trier of fact, costs of this action, postjudgment interest, and for such other and further relief as this Court may deem just and proper.

Dated this 30th day of June, 2022, in Bamberg, South Carolina.

BY:   s/ Adam C. Ness
      Justin T. Bamberg, Esquire
      Adam C. Ness, Esquire
      BAMBERG LEGAL, LLC
      104 Bridge Street
      Bamberg, South Carolina 29003
      Phone: (803) 956-5088
      Fax: (803) 956-5094
      jbamberg@bamberglegal.com
      acness@bamberglegal.com
      *Attorneys for the Plaintiff*